**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4000**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CURTIS DEVON HARRIS,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:08-cr-00156-D-1)

———————

Submitted:  March 29, 2010          Decided:  April 13, 2010

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Anne M. Hayes, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Devon Harris appeals his conviction and ninety-month sentence imposed after his guilty plea to possession of a firearm and ammunition by a convicted felon.  On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for review, but questioning the district court's application of a sentencing enhancement.  Harris has filed a pro se supplemental brief also challenging this sentencing enhancement.  The Government has moved to dismiss the appeal in part, asserting that the appellate waiver in Harris's plea agreement bars the sentencing challenge.  We now dismiss the appeal in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent.  United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Federal Rule of Criminal Procedure 11, the waiver is both valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).  The question of whether a defendant validly waived his right to appeal is a question of law that we

2

review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Harris knowingly and voluntarily waived the right to appeal any sentence that was not above the advisory Guidelines range and any issues relating to the establishment of the Guidelines range. The sentencing issue Harris raises on appeal falls within the scope of this waiver. We therefore grant the Government's motion to dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Harris's conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Harris's conviction.

This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harris. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4